MATTER OF SHEIKH

In Visa Petition Proceedings

A-22718086

*Decided by the Regional Commissioner November 24, 1980*

(1) Where an employment position does not require that the employee be a physician or perform medical services within the meaning of section 212(a)(32) of the Act, an alien physician need not take the visa qualifying examination to qualify as a beneficiary for labor certification in such position.

(2) The position of professor of environmental epidemiology is not an occupation limited to physicians and does not involve the performance of services in the medical profession within the meaning of section 212(a)(32) of the Act.

ON BEHALF OF PETITIONER: Alice Davis Irani, Esquire
111 S. Fourth Avenue
Ann Arbor, Michigan 48104

This matter is before me on appeal from the District Director's decision of July 31, 1980, denying the petition to classify the beneficiary as a professor of environmental epidemiology under section 203(a)(3) of the Immigration and Nationality Act, as amended. The appeal will be sustained.

The petitioner is a department of epidemiology within the School of Public Health of the state university system in Michigan. The beneficiary is a native of Pakistan and citizen of Great Britain who is a medical doctor and has an extensive background in the field of epidemiology. The petitioner seeks to employ the beneficiary as an assistant professor of environmental epidemiology primarily in order to develop and teach this new interdepartmental program which involves the study of how environmental hazards (both inside and outside the workplace) impact upon health. He would be engaged in some research in this area as well. The minimum requirements for this position, as stated in the approved labor certification, consist of an M.D. degree and/or Ph.D. or Dr. P.H. (Public Health) degree.

Section 212(a)(32) of the Act, in part, mandates excludability and precludes approval of third or sixth preference visa petitions on behalf of aliens who are graduates of medical schools (unaccredited by the

Commissioner of Education) and are coming to the United States *principally to perform services as members of the medical profession* unless they have passed the visa qualifying examination (V.Q.E.). The beneficiary is a physician and has not passed the V.Q.E. With this in mind, the District Director then referred to a dictionary definition describing epidemiology as "a branch of medical science that deals with the incidence, distribution and control of disease in a population." He also cited the Federal Register, Vol. 42, No. 13 (January 19, 1977), which states the Service interpretation that Congress intended that foreign medical school graduates coming not only to practice as physicians but also to engage in teaching or research in the medical field fall within the terms of section 212(a)(32), excluding those aliens coming "principally to perform services as members of the medical profession." From this, the District Director concluded that this job constitutes performance of services principally in the medical profession and he therefore denied the petition.

I have carefully reviewed the entire record and find that this position as professor of environmental epidemiology may not properly be characterized as principally involving the performance of services in the medical profession. The District Director's conclusion to the contrary seems based in large part upon the incomplete and therefore misleading dictionary definition of epidemiology. A better definition is found in *Dorland's Illustrated Medical Dictionary* (24th ed., 1965) which identifies epidemiology as "the field of science dealing with the relationships of the various factors which determine the *frequencies* and *distributions* of an infectious process, a disease, or a physiological state in a human community." (Emphasis supplied.) Thus, this field is not per se in the medical profession but rather is more closely related to statistics or biostatistics. The petitioner is not a part of the university medical school and awards no medical degree but offers degrees of Master and Doctor of Public Health, Master of Science, and Doctor of Philosophy. Approximately half of the petitioner's faculty members, including the school's dean, are not medical doctors. The position which the beneficiary will occupy involves an interdisciplinary program offered jointly by the petitioner and the Departments of Environmental and Industrial Health, and Biostatistics. Significantly, an M.D. degree is not a mandatory prerequisite for qualification as an epidemiologist nor for this particular position. The beneficiary will not need to obtain licensure as a physician in the United States in order to perform these services.

Based upon the foregoing, it is clear that the position of professor of environmental epidemiology is not strictly an occupation for physicians and does not involve the performance of services in the medical profession within the meaning of section 212(a)(32) of the Act. Inas-

much as the beneficiary meets the requirements of the approved labor certification, the petition will be approved.

ORDER: The appeal sustained and petition approved.